## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS N.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: |
| | ) | |
| QVC, INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Koninklijke Philips N.V. ("Philips") hereby asserts the following claim for patent infringement against Defendant QVC, Inc., and states as follows:

## NATURE OF ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, based upon QVC, Inc.'s ("QVC") infringing Philips's intellectual property, including Philips's patented smokeless grill design protected by U.S. Design Patent No. D758,785 (the "'785 Patent").

2.      QVC offers for sale and sells an infringing smokeless grill in place of the patented products designed, manufactured and sold by Philips.

3.      As a result of QVC's unlawful infringement, QVC has been wrongfully enriched, and Philips has been injured through loss of sales and good will and seeks injunctive and monetary remedies under the federal patent statute, 35 U.S.C. §§ 284, 285 and 289.

## THE PARTIES

4.      Plaintiff incorporates the preceding paragraphs herein by reference.

5.      Plaintiff Koninklijke Philips N.V. is a corporation duly organized and existing under the laws of the Netherlands. Its principal place of business is High Tech Campus 5, 5656 AE Eindhoven, the Netherlands.

6.      On information and belief, Defendant QVC is a Delaware corporation, having a principal place of business in West Chester, Pennsylvania.  QVC may be served with process in this action by and through its registered agent, Corporation Service Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808.

7.       QVC does business on its website https://www.qvc.com/ where it offers for sale a variety of products, including the accused product of this case, "Cook's Essentials Smoke-less Indoor Electric Grill."

## JURISDICTION AND VENUE

8.      Plaintiff incorporates the preceding paragraphs herein by reference.

9.      This is an action for patent infringement brought under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.  This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (patents).

10.     This Court has personal jurisdiction over the defendant because it, among other things: is incorporated under the laws of the State of Delaware and, on information and belief, has sold products that practice the '785 Patent into the stream of commerce with the knowledge, or reasonable expectation, that actual or potential purchasers and users of such products were located within this judicial district.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391, 1400 because QVC is incorporated in and resides in Delaware.

## BACKGROUND FACTS

12.     Plaintiff incorporates the preceding paragraphs herein by reference.

13.     Philips is a world-renowned company that engages in research and development in numerous technological fields.  One of these fields is household products, which includes its Avance Collection of Indoor Smoke-less Grills.     https://www.usa.philips.com/c-m-ho/cooking/electric-indoor-bbq-grill.     Philips sells its patented grill through its website (www.usa.philips.com), and through numerous retailers, including Amazon, BestBuy, Kohl's and others.

14.     Philips is the owner, assignee of all rights, title and interest in U.S. Patent No. D758,785 (the "'785 Patent") entitled "Smokeless Grill," which issued by the United States Patent and Trademark Office June 14, 2016, based on a foreign application priority date of July 4, 2014. Philips holds the right to sue and recover damages for infringement thereof, including current and past infringement.  A copy of the '785 Patent is attached as **Exhibit A**.

15.     The '785 Patent is valid and enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

16.    The '785 Patent claims the ornamental design, as shown below:



FIG. 1

'785 Patent, FIG. 1.

17.    Philips manufactures and sells a smokeless grill with the design of the '785 Patent under its Avance Collection of Indoor Grills.

18.    In contravention to 35 U.S.C. § 271 and § 289, QVC infringed the '785 Patent by making, using, selling, and/or offering to sell, or causing others to make, use, sell, and/or offer to sell the accused device, including but not limited to its Indoor Smokeless Grill ("Accused Product"). Photographs of the Accused Product are attached hereto as **Exhibit B** and reproduced below for convenience.



**Exhibit B** *available at* https://www.qvc.com/Cooks-Essentials-Smoke-less-Indoor-Electric-Grill.product.K47104.html.

19.    The overall appearance of QVC's Accused Product is substantially the same as the design in the '785 Patent, and/or at least a colorable imitation thereof.



| Philips' '785 Design | Cook Essential's Design |
|---|---|



FIG. 4

FIG. 5

FIG. 6

FIG. 7

20.    The ordinary observer, seeing the Accused Product, would be deceived into believing that it is the same as Philips's patented design.

**CAUSE OF ACTION**
**COUNT I**
**(Infringement of U.S. Patent No. D758,785)**

21.     Plaintiff incorporates the preceding paragraphs herein by reference.

22.     QVC has infringed, currently infringes, and will continue to infringe, the '785 Patent unless enjoined by this Court from making, using, offering for sale, importing and/or selling products infringing Philips's patented design within the United States. 35 U.S.C. § 271(a).

23.     On information and belief, QVC knew of Philips, Philips' patented commercial product, the '785 Patent, or was willfully blind to its existence, and QVC knew or was willfully blind in consciously ignoring the possibility that its actions would infringe the '785 Patent.

24.     As a direct and proximate result of QVC's direct and indirect infringement of the '785 Patent, Philips is suffering damages as well as irreparable injury for which it has no adequate remedy at law. Philips will continue to suffer such harm unless QVC is enjoined.

25.     Philips is entitled to recover damages under 35 USC § 284 and § 289 to adequately compensate for QVC's infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against QVC:

1.     A judgment that QVC infringes U.S. Patent No. D758,785;

2.     Pursuant to 35 U.S.C. § 283, grant a permanent injunction enjoining QVC, its subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives, and all parties in active concert and/or participation with QVC from directly or indirectly making, having made, selling, offering for sale, distributing, using, or importing into the United States products that infringe the '785 Patent;

3.      Pursuant to 35 U.S.C. § 284, direct QVC to account for and pay to Plaintiff all damages caused by QVC's infringement of the '785 Patent, including lost profits and interest, but in no event less than a reasonable royalty;

4.      Pursuant to 35 U.S.C. § 289, award Plaintiff the total extent of QVC's total profits derived from sales of the Accused Product;

5.      Pursuant to 35 U.S.C. § 285, award Plaintiff its costs and attorneys' fees incurred in connection with this action, upon a judgment declaring this an exceptional case; and,

6.      Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury pursuant to Fed. R. Civ. P. 38(b).


HEYMAN ENERIO
GATTUSO & HIRZEL LLP

OF COUNSEL:

/s/ Dominick T. Gattuso
Dominick T. Gattuso (#3630)
BURNS & LEVINSON LLP                    300 Delaware Ave., Suite 200
Howard J. Susser                        Wilmington, DE 19801
Joseph M. Maraia                        T: (302) 472-7311
Christopher S. Schultz                  dgattuso@hegh.law
Daniel J. McGrath
125 High Street
Boston, MA 02110
T: 617-345-3000
hsusser@burnslev.com
jmaraia@burnslev.com
cschultz@burnslev.com
dmcgrath@burnslev.com

Dated: September 17, 2019